**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARTHUR MORRISON, | : | |
| | : | Civil Action No. 09-5984 (DRD) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| | : | |
| HAROLD G. BRANTLEY, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Arthur Morrison, Pro Se
#27862-054
FCI Terminal Island
P.O. Box 3007
Terminal Island, CA 90731

**DEBEVOISE, District Judge**

Petitioner, a federal inmate confined at the Federal Correctional Institution, Terminal Island, California, has submitted for filing to the Clerk of this Court a Petition for a Writ of Mandamus under 28 U.S.C. § 1651.  Petitioner has not paid the filing fee but has submitted an application for leave to proceed in forma pauperis.

This Court must screen the petition pursuant to 28 U.S.C. § 1915(e) and § 1915A(b) to determine if it should be dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  For the following reasons, the petition will be dismissed.

## BACKGROUND

Petitioner states that he was arrested on July 29, 1992, and that his arrest was based on a case of mistaken identity. (Petition, ¶ 6). Petitioner states that he was accused of making threatening phone calls, which he could not have possibly made, due to his location at the time of the calls. (Pet., ¶¶ 5, 6). Details of Petitioner's underlying criminal cases are documented by the United States Court of Appeals for the Second Circuit, in United States v. Morrison, 153 F.3d 34 (2d Cir. 1998).

Petitioner states that on the day of his arrest, he demanded to be brought before a judge in New Jersey, the location of his arrest, for a probable cause hearing. However, Respondent FBI Agent Brantley brought Petitioner across state lines to New York without his consent. (Pet., ¶ 4). Petitioner seeks an order to compel the Respondents to show cause as to why he was not entitled to appear before the District Court for the District of New Jersey for a probable cause hearing. (Memorandum, p. 3).

Petitioner attaches to his Petition an Affidavit of Susan Joseph, an Affidavit of Fred Bezark, and an Affidavit of Robert Craig "Evel" Knievel, each of whom place Petitioner in New York at the time the threatening phone calls were placed. Petitioner also filed a Supplemental Petition re-asserting the claims of his petition and asserting the jurisdiction of this Court (docket entry 2).

**DISCUSSION**

**A.     Standard for Sua Sponte Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower

Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

Under the law as expressed until recently, a pro se complaint could be dismissed for failure to state a claim only if it appeared "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S. at 93-94 (in considering a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

4

cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted). The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Id. at 1950.

Thus, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.  See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

**B.   28 U.S.C. § 1651**

The All Writs Act, 28 U.S.C. § 1651(a) permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

The All Writs Act vests the district court with original jurisdiction over any action in the nature of mandamus to compel an officer or agency of the United States to perform a duty owed to a plaintiff.  See also 28 U.S.C. § 1361.  "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute."  Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985); see also Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009).  "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."  Id.

It is well-established that a writ of mandamus is an extraordinary remedy, to be granted only in extraordinary cases.

6

See Heckler v. Ringer, 466 U.S. 602, 616 (1984); United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970).  The Supreme Court has set forth conditions to be established before mandamus relief is granted: (1) that plaintiff has a clear right to have his application adjudicated; (2) that defendants owe a nondiscretionary duty to rule on the application; and (3) that plaintiff has no other adequate remedy.  See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (party seeking issuance of the writ must "have no other adequate means to attain the relief he desires" and must show that his "right to issuance of the writ is clear and indisputable"); United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982), cert. denied, Matthews v. United States, 459 U.S. 1211 (1983).  Even where this burden is met, the court has discretion to deny the writ, "even when technical grounds for mandamus are satisfied." Coombs v. Staff Attorneys, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001) (citation omitted).

   Here, the Court finds no basis for mandamus relief.  A motion to vacate sentence, pursuant to 28 U.S.C. § 2255, is the means to collaterally challenge a federal conviction or sentence.  Thus, Petitioner cannot seek mandamus relief, as his claims are cognizable under § 2255.  Also, even though Petitioner may be unable to satisfy the requirements of the Antiterrorism and

7

Effective Death Penalty Act of 1996 ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence, he may not seek relief through this mandamus petition. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); see also United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001)(noting that a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."); United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam) (stating that a prisoner may not resort to a writ of coram nobis merely because he cannot meet AEDPA's gatekeeping requirements).

 Therefore, Petitioner's claims must be dismissed for lack of jurisdiction. Whether Petitioner seeks to challenge the manner in which his sentence is executed, which must be brought under 28 U.S.C. § 2241 in the district of confinement, or seeks to challenge to his sentence as imposed, which must be brought under § 2255 in the district of conviction, this Court is not the proper jurisdiction for his case.

## **CONCLUSION**

For the foregoing reasons, the instant petition for a writ of mandamus will be dismissed for lack of jurisdiction.  An appropriate order accompanies this opinion.


                                   *s/Dickinson R. Debevoise*
                                   DICKINSON R. DEBEVOISE
                                   United States District Judge

Dated: February 8, 2010