**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARTHUR MORRISON, | : | |
| | : | Civil Action No. 09-5984 (DRD) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| | : | |
| HAROLD G. BRANTLEY, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Arthur Morrison, <u>Pro</u> <u>Se</u>
#27862-054
FCI Terminal Island
P.O. Box 3007
Terminal Island, CA 90731

**DEBEVOISE, District Judge**

Petitioner, Arthur Morrison, filed a motion for reconsideration of this Court's February 8, 2010 Opinion and Order dismissing his petition for a writ of mandamus, filed pursuant to 28 U.S.C. § 1651, for lack of jurisdiction. For the following reasons, the motion will be denied.

### BACKGROUND

Petitioner's underlying claims and the background of this case were explained in this Court's February 8, 2010 Opinion as follows:

> Petitioner states that he was arrested on July 29, 1992, and that his arrest was based on a case of mistaken identity. (Petition, ¶ 6). Petitioner states that he was accused of making threatening phone calls, which he could not have possibly made, due to his location at the time of the calls. (Pet., ¶¶ 5, 6). Details of Petitioner's underlying criminal cases are documented by the United States Court of Appeals for the Second Circuit, in United States v. Morrison, 153 F.3d 34 (2d Cir. 1998).
>
> Petitioner states that on the day of his arrest, he demanded to be brought before a judge in New Jersey, the location of his arrest, for a probable cause hearing. However, Respondent FBI Agent Brantley brought Petitioner across state lines to New York without his consent. (Pet., ¶ 4). Petitioner seeks an order to compel the Respondents to show cause as to why he was not entitled to appear before the District Court for the District of New Jersey for a probable cause hearing. (Memorandum, p. 3).
>
> Petitioner attaches to his Petition an Affidavit of Susan Joseph, an Affidavit of Fred Bezark, and an Affidavit of Robert Craig "Evel" Knievel, each of whom place Petitioner in New York at the time the threatening phone calls were placed. Petitioner also filed a Supplemental Petition re-asserting the claims of his petition and asserting the jurisdiction of this Court (docket entry 2).

See Opinion (docket entry 3), at p. 2.

This Court dismissed Petitioner's petition for lack of jurisdiction. See Opinion, pp. 7-8. Finding no basis for mandamus relief, this Court held that Petitioner's claims challenging his federal conviction and sentence were only cognizable in a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255 in the sentencing court. The Court informed Petitioner that any challenges to the manner in which his

2

sentence is being executed, must be brought under 28 U.S.C. § 2241 in the district of confinement.

In his motion for reconsideration, Petitioner states that this Court's ruling that his petition should be dismissed for lack of jurisdiction was in error.  He insists that his 1992 arrest was made without probable cause.  In essence, Petitioner makes the same arguments that he made in his original complaint.  Petitioner also argues that this Court should have transferred the petition under 28 U.S.C. § 1631.

## DISCUSSION

**A.   Motions for Reconsideration**

### 1.   Rule 59(e)

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  See United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).  Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b).  See id.  In the District of New Jersey, Local Civil Rule 7.1(i) (formerly 7.1(g)) governs motions for reconsideration.  See Byrne v. Calastro, 2006 WL 2506722 (D.N.J. Aug. 28, 2006).[1]

---

[1] Byrne states:

. . . in this District, Local Rule 7.1(g)

3

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion. See L. Civ. R. 7.1(i). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may

---

> creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.

Byrne, 2006 WL 2506722 at *1 (citations omitted).

4

alter the disposition of the matter.  See Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See Bowers, 130 F. Supp.2d at 613; Resorts Int' l. v. Great Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  See Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

**2.   Rule 60(b)**

Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

>     applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002)).

A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Rather, relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'" Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (internal citations omitted).

Relief is available only in cases evidencing extraordinary circumstances. See Ackermann v. United States, 340 U.S. 193 (1950); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly

7

established."  FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.'  It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal."  Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

### 3.   **Petitioner's Arguments**

In Petitioner's motion for reconsideration (docket entry 6), he argues that this Court's decision was incorrect.  Petitioner has not shown (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  He simply attempts to rehash arguments already presented to this Court. Petitioner does not assert that this Court overlooked a factual or legal issues that may alter the disposition of this matter. Petitioner disagrees with this Court's decision.  However, Petitioner is not entitled to relief on his motion under Local

Civil Rule 7.1.  This Court has already considered and rejected his arguments.

Nonetheless, in considering Petitioner's argument that this Court should have transferred his case under 28 U.S.C. § 1631, this Court notes that whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  In this case, Petitioner has already filed at least one motion under 28 U.S.C. § 2255.  <u>See</u> <u>Morrison v. United States</u>, 99-cv-12284 (S.D.N.Y.), which was denied by both the District Court and the Court of Appeals for the Second Circuit.  Because Petitioner is only entitled to file one § 2255 motion, unless he receives permission from the Court of Appeals for the Second Circuit, this Court finds that it would not have been in the interests of justice to transfer his petition.[2]

---

[2] A motion to vacate, correct or set aside a sentence under § 2255 must be filed in the sentencing court within one year of the latest of: (1) the date on which the judgment of conviction became final; (2) the date of the removal of any impediment to making such a motion that was created by unlawful government action; (3) the date on which a right asserted by a movant was first recognized by the United States Supreme Court and made retroactive to cases pending on collateral review; or (4) the date on which a movant could have discovered the facts supporting the claim[s] presented through the exercise of due diligence. <u>See</u> 28 U.S.C. § 2255(f).  Furthermore, once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the

Furthermore, Petitioner has not demonstrated that he satisfies any of the reasons warranting 60(b) relief--he has not shown entitlement to be relieved from the judgment due to mistake, inadvertence, surprise, or excusable neglect, see Rule 60(b)(1); has not presented newly discovered evidence, see Rule 60(b)(2); and has not satisfied the criteria for Rule 60(b)(3)-(6).  Nothing Petitioner presents in his motion convinces this Court that "extraordinary circumstances" exist which warrant 60(b) relief.  Thus, Petitioner is not entitled to relief under Rule 60(b) and his motion will be denied.

## CONCLUSION

For the reasons set forth above, Petitioner's motion will be denied.  An appropriate order follows.

                                         *s/ Dickinson R. Debevoise*
                                         DICKINSON R. DEBEVOISE
                                         United States District Judge
Dated: October 7, 2010

---

appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law.  See 28 U.S.C. § 2255(h).

10